**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4740**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

WALTER BROOKS,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.    John A. Gibney, Jr.,
District Judge.  (3:11-cr-00310-JAG-1)

———————

Submitted:  April 26, 2013              Decided:  May 2, 2013

———————

Before WILKINSON, KING, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Matthew W. Greene, GREENE LAW GROUP, PLLC, Fairfax, Virginia,
for Appellant.  Neil H. MacBride, United States Attorney,
Roderick C. Young, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Brooks was found guilty of one count of conspiracy to provide inmates prohibited objects, to use a communication facility in the commission of a felony, and to bribe a public official, in violation of 18 U.S.C. § 371 (2006); one count of conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006); five counts of providing contraband in prison and aiding and abetting, in violation of 18 U.S.C. §§ 1791(a)(1), 2 (2006); and three counts of use of a communication facility to commit a felony, in violation of 21 U.S.C. § 843(b) (2006). Brooks received an upward variance sentence of 240 months' imprisonment. On appeal, he argues: (1) that he was subjected to double jeopardy; (2) that his § 371 conviction was not supported by sufficient evidence; and (3) that his sentence was both procedurally and substantively unreasonable. We affirm.

Brooks' double jeopardy claim is patently meritless.[1] It appears to be based on his erroneous belief that Count One of the indictment required proof that Brooks had been convicted of bribery. First, the language of the indictment itself charges

---

[1] This claim, raised for the first time on appeal, is reviewed for plain error. United States v. Olano, 507 U.S. 725, 732 (1993).

only an <u>agreement</u> to commit bribery, and makes no reference to a conviction for bribery. This language is sufficient to charge a violation of 18 U.S.C. § 371. To establish a conspiracy under 18 U.S.C. § 371, the Government must prove only an agreement between two or more people to commit a crime against the federal government, and an overt act in furtherance of the conspiracy. <u>United States v. Kingrea</u>, 573 F.3d 186, 195 (4th Cir. 2009) (citing <u>United States v. Ellis</u>, 121 F.3d 908, 922 (4th Cir. 1997)). Therefore, the Government need not prove a conviction for the underlying crime. Even where both the conspiracy offense and the underlying offense are charged and convictions result, however, no double jeopardy violation occurs, as "[a] substantive crime and conspiracy to commit that crime are 'separate offenses' for purposes of the Double Jeopardy Clause, even if they are based on the same underlying incidents." <u>United States v. Yearwood</u>, 518 F.3d 220, 227 (4th Cir. 2008). Thus, Brooks has failed to assert a viable double jeopardy claim.

Brooks' challenge to the sufficiency of the evidence sustaining his § 371 conspiracy conviction also lacks merit.[2] We

---

[2] Because Brooks contested the sufficiency of the evidence below, our review is de novo. <u>United States v. Penniegraft</u>, 641 F.3d 566, 571 (4th Cir.), <u>cert. denied</u>, 132 S. Ct. 564 (2011).

will uphold a guilty verdict that, "viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence." United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008) (internal quotation marks omitted). Further, we do "not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government"; a defendant challenging the sufficiency of the evidence "bears a heavy burden," as reversal of a conviction is limited to "cases where the prosecution's failure is clear." United States v. Foster, 507 F.3d 233, 244-45 (4th Cir. 2007).

As stated above, in order to establish a violation of 18 U.S.C. § 371, the Government must prove the existence of an agreement between two or more people to commit a crime against the government and an overt act in furtherance of the conspiracy. Ellis, 121 F.3d 908 at 922. The evidence of a conspiratorial agreement need not be direct, but may be inferred from circumstantial evidence. Id. Proof of a "tacit or mutual understanding" between the conspirators is sufficient to uphold a conspiracy conviction. Id. (internal quotation marks omitted).

We find the evidence here sufficient to support Brooks' § 371 conviction. During trial, the government elicited testimony from Brooks' coconspirators that they worked together

4

to smuggle contraband, namely heroin, into federal prison. Further, the Government demonstrated, through witness testimony, that the coconspirators used telephones in order to facilitate the heroin smuggling scheme. Finally, the Government established that Brooks convinced a prison guard to smuggle heroin into prison under color of his official title, in exchange for payment. Therefore, this claim must fail.

Brooks next urges that the sentence imposed was unreasonable. We review a sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A reasonableness review includes both procedural and substantive components. Id. A sentence is procedurally reasonable where the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). The substantive reasonableness of a sentence is assessed in light of the totality of the circumstances. Gall, 552 U.S. at 51.

At sentencing, the district court considered evidence, in the form of testimony and a video, of a fight between Brooks and other inmates that occurred while Brooks was being held at a regional jail pending sentencing. Three inmates were sent to

5

the hospital as a result of this encounter with Brooks. The court referred to this conduct more than once in explaining Brooks' upwardly variant sentence. Brooks asserts that: (1) the district court erred in relying on uncharged conduct to enhance his sentence; (2) his due process rights were violated because he was unable to confront and cross-examine witnesses against him at sentencing; and (3) his Fifth Amendment right against self incrimination was violated because he was constrained from testifying in his own defense at sentencing for fear of possible state charges.

There are no limits on "the information concerning the background, character, and conduct" of a convicted defendant that the district court may consider in determining an appropriate sentence. 18 U.S.C. § 3661 (2006). So long as the district court sentences a defendant within the statutory maximum authorized by the jury's findings, a district court can consider facts that it finds by a preponderance of the evidence. See United States v. Grubbs, 585 F.3d 793, 798-99 (4th Cir. 2009). Based on the testimony and other evidence presented at sentencing, the district court concluded that Brooks assaulted three fellow inmates at the regional jail. In addition to this assault, the district court also considered each of the § 3553(a) factors in turn and discussed how each applied to Brooks, particularly emphasizing the seriousness of the offense

of bringing heroin into a prison. Accordingly, the district court did not err in considering uncharged conduct.

Brooks next argues that his due process rights and Fifth Amendment privilege against self incrimination were violated because he was unable to either confront and cross examine witnesses or testify himself regarding the jail assault. As the Government correctly noted, Brooks could have called or cross examined any witness he wanted. Furthermore, the Confrontation Clause does not apply at sentencing. United States v. Powell, 650 F.3d 388, 393 (4th Cir.), cert. denied, 132 S. Ct. 350 (2011). As to Brooks' right against self-incrimination, this privilege guarantees "only that the witness not be compelled to give self-incriminating testimony." McKune v. Lile, 536 U.S. 24, 35-36 (2002). No such compulsion occurred here. When a defendant chooses not to testify at sentencing because of pending uncharged conduct, he takes a risk that the government's uncontradicted evidence will be deemed credible, but his Fifth Amendment right is not implicated. United States v. Marshall, 719 F.2d 887, 892 (7th Cir. 1983). Accordingly, we perceive no violation of Brooks' constitutional rights at sentencing.

Finally, Brooks argues that the district court erred in calculating the drug weight attributable to him. We review a finding of drug quantity for clear error. United States v.

7

<u>Kellam</u>, 568 F.3d 125, 147 (4th Cir. 2009). At sentencing, the government need establish the amount of drugs involved by only a preponderance of the evidence. <u>United States v. Brooks</u>, 524 F.3d 549, 561-62 (4th Cir. 2008). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1, cmt. n.12 (2011).

Brooks alleges that the district court engaged in improper "rote multiplication" when it determined his drug quantity by multiplying the amount of drugs found in his coconspirator's vehicle by the number of transactions testified to at trial. Courts have cautioned against "rote multiplication" in situations where an "estimate of quantity is multiplied by an estimate of frequency," noting that "drug quantities must find specific support in the record." <u>United States v. Laboy</u>, 351 F.3d 578, 583 (1st Cir. 2003); <u>see also</u> <u>United States v. Hickman</u>, 626 F.3d 756, 769 (4th Cir. 2010) (noting that "where courts have evidence of a number of transactions, they have been permitted to multiply that number by an average weight-per-transaction to reach an estimate"). Here, while the district court did of necessity estimate the aggregate quantity of drugs, its methodology of multiplying the known number of transactions by the quantity involved in the

final transaction and discounting the outcome by a factor of 20%, was well within the wide latitude of discretion afforded sentencing courts. Therefore, we find that his district court did not err when calculating the drug weight attributable to Brooks. We thus find Brooks' sentence both procedurally and substantively reasonable.

Accordingly, we affirm the district court's judgment. We deny Brooks' motion for reconsideration of the denial of his motion to appoint new counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED
